USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/5/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUSSELL FRANCIS KNIGHT,

           Plaintiff,

-against-

COUNTY OF ORANGE, P.O. REYNOLDS, P.O. SHAW,

           Defendants.

No. 14-cv-10264 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Russell Francis Knight proceeding *pro se* and *in forma pauperis*, brings this action against Defendants County of Orange ("Orange County" or "Defendant"),[1] P.O. Reynolds and P.O. Shaw[2] pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. Before the Court is a motion to dismiss the complaint by the sole remaining Defendant, Orange County. For the reasons stated below, Orange County's motion to dismiss is GRANTED.

## FACTUAL BACKGROUND

    Unless otherwise noted, the facts are drawn from Plaintiff's Complaint ("Pl. Compl."). (*See* ECF No. 1.) The crux of Plaintiff's claims is that he was subjected to a strip search on November 20, 2014, while detained at the Village of Walden Police Department after having been

---

[1] Initially, Plaintiff brought his claim against the Walden Police Station. (*See* ECF No. 1.) On January 29, 2015, this Court substituted the County of Orange for the Walden Police Station. (*See* ECF No. 7.)

[2] On December 30, 2016, Plaintiff and named Defendants P.O. Shaw and P.O. Reynolds entered a voluntary stipulation of dismissal and discontinuance pursuant to Federal Rule of Civil Procedure 41(a)(1) (the "Stipulation"). (*See* ECF No. 25.) The Village of Walden was also named as a defendant in the Stipulation caption and it appears that Plaintiff may have engaged in settlement with this entity as well, although the Village had not been named as a Defendant in this action. (*See id.*)

Copies mailed/faxed 7/5/2017
Chambers of Nelson S. Román, U.S.D.J.

arrested on a charge of criminal possession of a controlled substance. (Pl. Compl. at 2-3.) Plaintiff contends that two individuals were arrested along with him on the same charge, but were not similarly strip searched. (*Id.*) Plaintiff alleges that the search was conducted by P.O. Reynolds while P.O. Shaw watched. (*See id.* at 3.) Plaintiff does not allege that he sustained any injuries. (*Id.*)

## STANDARD ON A MOTION TO DISMISS

Under Rule 12(b)(6), the inquiry is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. To survive a motion to dismiss, a complaint must supply "factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation,'" or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Id.* at 662. A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

"Where, as here, a plaintiff proceeds *pro se*, the court must 'construe [ ] [his] [complaint]

liberally and interpret[ ] [it] to raise the strongest arguments that [it] suggest[s].'" *Askew v. Lindsey*, 15-CV-7496 (KMK), 2016 WL 4992641, at *2 (S.D.N.Y. Sept. 16, 2016) (citing *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)). Yet, "'the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law.'" *Id*. (citing *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)).

## DISCUSSION

Orange County contends that Plaintiff's Complaint asserts allegations against Village of Walden police officers, as to an incident that occurred at the Village of Walden Police Station, and is devoid of any facts involving the County or County actors. (*See* Def. Mem in Support of Mot. to Dismiss ("Def. Mem."), at 1, ECF No. 28.) As such, Defendant asserts that Plaintiff fails to state a claim against the County, and that it should be dismissed from this action. (*Id*.)[3] Plaintiff submitted no opposition in response to this motion.

Plaintiff brings his claim pursuant to 42 U.S.C. § 1983. (*Id*. at 1.) For a plaintiff to allege a Section 1983 claim against a municipal defendant, he must allege that an action pursuant to official municipal policy caused the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978); *see Askew*, 2016 WL 4992641, at *2 ("A municipal defendant 'cannot be held liable under § 1983 on a respondeat superior theory.'… Rather, for a plaintiff to prevail on a § 1983 claim against a municipal defendant, he must satisfy the requirements set forth in *Monell* and its progeny, which adhere to the well-settled principle that

---

[3] Although at one point Plaintiff was in fact housed at the Orange County Jail (*compare* Pl. Compl. *with* ECF No. 9), the Complaint makes clear that the incident upon which his allegations are premised occurred at the Village of Walden Police Station and not the Orange County Jail. (*See* Pl. Compl. at 2) (indicating that the "events giving rise to [Plaintiff's] claim(s) occur[ed]" at the Walden Police Station, and "not in a [sic] institution"). Plaintiff makes no direct allegations against the Orange County Jail nor does he proffer facts relating to any incident at the jail. (*See generally* Pl. Compl.) The Court notes Defendant's contention that, to the extent the Complaint could be read to raise an issue with Plaintiff's incarceration at the jail, he failed to exhaust his administrative remedies as required to file suit pursuant to 42 U.S.C. § 1997e. (*See* Def. Mem. at 4.)

3

'Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort.'") (citing *Monell*, 436 U.S. at 691). Thus, "to state a *Monell* claim, '[t]he plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries .... Second, the plaintiff must establish a casual connection - an 'affirmative link' - between the policy and deprivation of his constitutional rights.'" *Guerrero v. City of N.Y.*, 12-CV-2916, 2013 WL 673872, at *2 (S.D.N.Y. Feb. 25, 2013) (citing *Vippolis v. Village of Haverstraw,* 768 F.2d 40, 44 (2d Cir.1985), *cert. denied* 480 U .S. 916 (1987)). Even at the pleading stage, the mere assertion that the municipality has such a custom is insufficient to assert a Section 1983 claim against a municipality without supporting factual allegations. *Id.* at *2 (citing *Zahra v. Town of Southold,* 48 F.2d 674, 685 (2d Cir.1995)). Furthermore, even a single incident of unconstitutional activity has been deemed insufficient to impose liability upon a municipality under Section 1983. *See Brogdon v. City of New Rochelle*, 200 F. Supp. 2d 411, 427 (S.D.N.Y. 2002) ("A single incident by itself is generally insufficient to establish the affirmative link between the municipal policy or custom and the alleged unconstitutional violation.") Thus, at the motion to dismiss stage, "a plaintiff cannot merely allege the existence of municipal policy or custom but must instead 'allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.'" *Askew*, 2016 WL 4992641, at *3 (citing *Johnson v. City of N.Y.*, 06-CV-9426, 2011 WL 666161, at *3 (S.D.N.Y. Feb. 15, 2011).

Plaintiff does not explicitly allege that the incident upon which his claims are based arose out of any County policy or practice, nor does he proffer any allegations that might allow the Court to draw such an inference. Even less than a bare, boiler plate allegation against Orange County, Plaintiff makes no mention of this Defendant in its allegations. As such, Plaintiff has not alleged

any plausible allegations against Orange County, and its claims against this Defendant are dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint is GRANTED. Plaintiff's claims against Defendant County of Orange are dismissed. Given a Stipulation of Discontinuance was entered as to Defendants P.O. Shaw and P.O. Reynolds on December 30, 2016, (*see* ECF No. 25), there are no remaining defendants in this action. As such, the Clerk of the Court is respectfully directed to terminate the motion at ECF No. 26 and to close the case.

Dated: July 5, 2017  
        White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge